ELLIS, Judge:
This workmen’s compensation case presents as the sole issue whether plaintiff Kale Vining is entitled to penalties and attorney’s fees for the alleged arbitrary refusal of defendant Phoenix of Hartford Insurance Company to pay him workmen’s compensation benefits. The trial court awarded plaintiff penalties and a $2,000.00 attorney’s fee, and the defendant has appealed.
Plaintiff injured his back on February 19, 1969. He was seen by Dr. Frank F. Anzalone, a general practitioner, on the same day. Dr. Anzalone treated plaintiff and released him to return to work on February 26, 1969. On March 1, 1969, plaintiff returned to Dr. Anzalone, stating that he had injured his back again. He was treated with muscle relaxants and rest, and on March 7, 1969, Dr. Anzalone once again released him, telling him he could return to work on March 10, 1969. On March 17, 1969, defendant paid plaintiff compensation from February 19 through March 10, 1969.
On March 28, 1969, plaintiff once again came to Dr. Anzalone and stated that he had re-injured his back. Dr. Anzalone began treating him and saw plaintiff three more times, the last being on April 11, 1969. At that time, Dr. Anzalone found no objective evidence of injury, and was not impressed with plaintiff’s subjective complaints. He discharged plaintiff to return to work, and has not seen him again.
Shortly thereafter, plaintiff saw Dr. A. J. Feder, a general practitioner, who felt that he might have a ruptured interverte-bral disc, and referred him to Dr. Daniel Sinclair, an orthopedist, for examination. Dr. Sinclair was of the opinion that plaintiff was disabled. A copy of his report to that effect was sent to Dr. Anzalone.
On April 30, 1969, Dr. Anzalone submitted his final report to the defendant insurance company, advising them that he considered plaintiff to be no longer disabled as of April 11, 1969.'
On May 20, 1969, plaintiff’s attorney made demand on defendant that compensation be brought up to date, and enclosed a copy of Dr. Sinclair’s report and opinion. Defendant’s claims manager, Mr. Deshotel, testified that he discussed the matter with plaintiff’s attorney, and told him there would have to be another orthopedic evaluation. Arrangements were made for plaintiff to see Dr. Kenneth C. Cranor, an orthopedist. On June 5, 1969, compensation was paid plaintiff for the period from March 28 through April 12, 1969. Mr. Deshotel testified that this payment was made on the basis of Dr. Anzalone’s final report. On June 16, 1969, a second demand was made that compensation be brought up to date. On June 18, 1969, plaintiff’s attorney was notified that plaintiff was to be examined by Dr. Cranor on June 24, 1969, and a draft to cover his transportation expenses was enclosed.
This suit was filed on June 23, 1969. On July 7, Dr. Cranor rendered his report to defendant, in which he found plaintiff to be disabled. On July 31, 1969, a check for compensation from April 12, 1969, to July 31, 1969, was issued. Payments were still being made as of the date of trial.
With respect to the alleged refusal to pay medical expenses, we note that demand was made for payment of a bill to Dr. Sin *700 clair on May 20, 1969. On September 23, 1969, demand was made for Dr. Sinclair’s bill, and for additional travel and medical expense. On September 24, defendant’s attorney agreed to pay some of the amounts claimed and requested that the amounts due be calculated. Apparently no payment was made, and the medical expenses were once again itemized in a letter dated January 21, 1970, in which plaintiff offered to settle the case. A further demand for payment thereof was made on July 10, 1970. As of the time of trial, no medical expenses had been paid by defendant.
It seems clear that there was no arbitrary refusal to pay compensation benefits on the part of the defendant. When the first demand was made on May 20, 1969, defendant already had a medical opinion which stated that plaintiff was not disabled. On receipt of the demand, it arranged for a third medical opinion which stated that plaintiff was not disabled. Penalties should be allowed only in those instances in which the facts negate good faith and just cause in the refusal to pay. Hebert v. South Louisiana Contractors, Inc., 238 So.2d 756 (La.App. 1 Cir. 1970). The facts, in this case, indicate the contrary.
On the other hand, defendant was arbitrary in its refusal to pay the medical expenses. Although several demands were made, and statements furnished, no payment thereof had been made as late as the time of trial. No explanation is offered for this failure. We find plaintiff to be entitled to penalties and attorney’s fees, but think that same should be exacted only for that which was arbitrarily withheld. The entire purpose of the trial held herein was the collection of penalties and attorney’s fees, and medical expenses, . since there was no contest as to plaintiff’s disability and payments of compensation were actually being made at the time of the trial. This, we think, amounts to a tender under R.S. 22:658, and relieves defendant of the burden of paying penalties thereon. See Roberie v. Ashy Construction Company, 215 So.2d 857 (La.App. 3 Cir. 1968).
Medical expenses were fixed by the trial court at $1,252.50, and no complaint is made relative thereto in this court. We think a reasonable attorney’s fee for the collection thereof to be $500.00.
The judgment appealed from is amended so as to eliminate therefrom all penalties except those on medical bills and travel expenses, and to reduce the attorney’s fee to the sum of $500.00, and, as amended, it is affirmed, with costs of this appeal to be borne equally by the parties hereto, and all other costs by the defendant.
Amended and affirmed.